SOMMERVILLE, J.
The plaintiff partnership is composed of two married women, sisters-in-law, and it is carried on by the husband of one of them, the firm name being “C. R. Eldridge, Agent.”
*1047 It entered into a contract of lease with defendant in January, 1905, when it was stipulated that the lessor agreed “to furnish all material and labor and to erect, equip, and maintain during the life of this contract, a sawmill plant, buildings, etc., ready for use,” etc.; the term was for 30 months from the completion of the plant. It was “agreed that all the machinery, heating apparatus, appliances, or appurtenances now at the Eldridge plant near Gulletts shall.be placed in said plant to be erected,” etc. The lessee was “to take ordinary care of the machinery, and shall at his expense make such ordinary repairs as become necessary from the use of the same,” etc.
October 8, 1906, the parties abrogated and canceled the lease between them, after a full settlement, and they entered into a new one, ending November 1, 1907; with the right of the lessee, or its successors or assigns, to renew “this lease at its termination, upon a monthly renewal and rental, for a period not to exceed 3 years from date of this act.” The parties declared in the lease “that the machinery and buildings on the premises described in said annexed (original) lease, belong in part to party of the first part (lessor) and to Chesbrough & Graves” (lessee).' The lessee was to keep the leased property up, and at the end of the lease to return it in, its present condition, ordinary wear and tear excepted. The rent was $140 per month.
Plaintiff, the lessor, sues defendant for $962.31 for balance of rent alleged to be due, to October 1, 1910, and for $1,620 for damages to buildings and machinery.
Defendant answered, admitting that $262.-31 was due for rent, and that $150 was due for damages. There was judgment for these last amounts, and plaintiff has appealed.
The case presents only questions of fact. The district judge gave patient hearing to much testimony, of a conflicting nature, and after seeing and hearing the witnesses, and considering their testimony, he gave judgment for defendant, and we find no error in his judgment.
As to the rent claimed, most of which was for months after defendant had vacated the buildings of plaintiff, it was shown that defendant gave notice to plaintiff that it would vacate by May 1, 1910, and it vacated at that time. The claim is not well founded.
As to the damages done to the machinery,, it is recited in the lease that it belonged in part to defendant, and that the part which belonged to plaintiff was secondhand machinery in 1905, and was to be moved from the Eldridge plant, near Gulletts, to the mil] to be erected at Amite City, by plaintiff for defendant. Two bills of sale offered by plaintiff would indicate that some of this machinery was bought by it in the year 1899, and some in the year 1904. It may have been repaired, but it was not new in 1906, the date of the lease, and it certainly was not in first-class condition in 1910, at the time of the expiration of the lease, after long and hard usage.
The principal witness for plaintiff testified that he had gone to work for defendant in 1906, shortly after it took charge, and that the general condition of the entire outfit “was then in a rather bad condition.” He says, “The buildings were bad; the buildings were in -bad .condition” while he was working there. He testified to the bad condition of the outfit after defendant gave up the mill, and how much worse it was then than when defendant took charge; but, he admitted on cross-examination, that he had not made any examination of the machinery of the two planing mills in 1906, 1907, 1908, or 1909.
It would serve no useful purpose to review the testimony further. The -machinery was subjected to the rough usage for which it was intended in a sawmill, and much of it *1049 was worn out by the ordinary wear and tear of the work.
Plaintiff has failed to make out its case.
Judgment affirmed.
PROVOSTY, J., takes no part..